Michael B. Garfinkel, Bar No. 156010
MGarfinkel@perkinscoie.com
Amir Gamliel, Bar No. 268121
AGamliel@perkinscoie.com
Tyler D. Anthony, Bar No. 305652
TAnthony@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for defendants Lotus Producciones, S.A.,
Lotus Festival, S.A., Lotus Producciones Ltda.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASON PARANDIAN aka SASON PARRY, individually and on behalf of the People of the State of California acting as a Private Attorney General,<br><br>        Plaintiff,<br><br>    v.<br><br>LOTUS PRODUCCIONES S.A. DE C.V.; LOTUS LTDA., SEBASTIAN DE LA BARRA CUEVAS; MAXIMILIANO DEL RIO; MATIAS AWAD, LUIS ANDRES DE LA BARA ARRIGADA, RODRIGO KLEINKOPF TOPELBERG, LOTUS FESTIVAL S.A., LOTUS PRODUCCIONES LTDA., and DOES 1 to 500,000,<br><br>        Defendants. | Case No.:  3:17-cv-6622<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>[Complaint filed May 2, 2017 and removed from San Francisco County Superior Court, Case No. CGC-17-558535] |

-1-

137572422.2

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Lotus Producciones S.A., Lotus Festival S.A., and Lotus Producciones Ltda (collectively, "Defendants") hereby removes Case No. CGC-17-558535 from the Superior Court of the State of California, for the County of San Francisco, to the United States District Court for the Northern District of California.  In support of this Notice of Removal, Defendants respectfully state:

I.      **STATE COURT ACTION**

1.      On May 2, 2017, Plaintiff Sason Parandian ("Plaintiff") commenced this action by filing a Civil Complaint ("Complaint") in the Superior Court of the State of California, County of San Francisco.  (*See* Ex. A.)

2.      In his verified Complaint, Plaintiff alleges that "at all times relevant to this complaint [he] was and is a resident of Alameda County, California . . . ."  (*Id.*, ¶ 5.)  Plaintiff further alleges and acknowledges that Lotus Producciones, S.A. is a citizen of Chile:  "Defendant Lotus Producciones, S.A. is a private corporation organized under the laws of Chile . . . with its' principal place of business . . . [in] Santiago Chile."  (*Id.*, ¶ 6.)  Plaintiff also alleges and acknowledges that two other named defendants—Sebastian de la Barra Cuevas and Maximiliano Del Rio—are also citizens of Chile.  (*Id.*, ¶¶ 7–9.)  Although Plaintiff does not allege the citizenship of the other named defendants, they are all citizens of Chile.

3.      Plaintiff's Complaint alleges the following causes of action:  (1) Fraud; (2) Breach of Written Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; (4) Request for an Accounting; (5) Quantum Meruit; (6) Violation of California Business and Professions Code § 17200; and (7) Unjust Enrichment.  (*Id.*, ¶¶ 79–100.)

4.      Plaintiff alleges that he is entitled to $5,000,000 in general damages, $5,000,000 in special damages, and $5,000,000 in punitive damages, per defendant.  (*Id.*, at 30.)

/ / /

/ / /

## II.   JURISDICTION

5.      This action is removable because this Court has original subject matter jurisdiction pursuant to the diversity jurisdiction doctrine.  28 U.S.C. § 1332(a)–(b)(2); *see also*, 28 U.S.C. § 1441(a).  Complete diversity of citizenship exists and the amount in controversy exceeds $75,000.

6.      Plaintiff alleges that he is domiciled in California.  (Ex. A., ¶ 5.)

7.      By contrast, none of the named defendants are domiciled in California.  Plaintiff alleges and acknowledges that Lotus Producciones, S.A. and Messrs. de la Barra Cuevas and Del Rio are domiciled in Chile.  (*Id.*, ¶¶ 5–7.)  Messrs. Awad, de la Barra Arrigada, and Topelberg are all Chilean citizens who primarily reside and are domiciled in Santiago, Chile.  Lotus Festivals S.A. and Lotus Producciones Ltda. are both legal entities formed under the laws of Chile with their principle places of business in Santiago, Chile.[1]

8.      The amount in controversy requirement of $75,000 is apparent on the face of Plaintiff's Complaint, as Plaintiff' prays for damages in excess of $5,000,000.  (Ex. A., at 30.)

## III.   VENUE

9.      This United States District Court for the Northern District of California is the court "embracing the place where [the state court] action is pending," and is, therefore, the appropriate court for removal.  28 U.S.C. § 1441(a).

## IV.   INTRADISTRICT ASSIGNMENT

10.     Pursuant to 28 U.S.C. §§ 84(a), 1391 (a), and 1441(a); and Civil Local Rule 3-2(d), this case may be properly assigned to the San Francisco Division or the Oakland Division of the Northern District of California because Plaintiff filed this case in the Superior Court of California, County of San Francisco.

---

[1] Lotus Ltda.—named as a defendant—was the name to be given to the joint venture that Plaintiff alleges was to be formed between himself and Lotus.  (Ex. A, ¶ 8.)  This joint venture never came into existence.  (*See id.* ("Lotus Ltda*.*, the company that *was to be formed* as a result of the joint-venture agreement entered into by and between the parties . . . .") (emphasis added).)  As non-existent, it should be disregarded for purposes of this Notice.  The citizenship of the alleged DOE Defendants must also be ignored for purposes of determining sufficiency of diversity for removal.  *See* 28 U.S.C. § 1441(b) ("[I]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) [diversity] of this title, the citizenship of defendant sued under fictitious names shall be disregarded.");  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

DEFENDANTS' NOTICE OF REMOVAL

137572422.2

1   **V.   COMPLIANCE WITH STATUTORY REQUIREMENTS**

2       11.   <u>Timeliness</u>.   This Notice of Removal is timely filed, pursuant to 28 U.S.C.

3   § 1446(b) because it is filed within 30 days of service of Plaintiff's summons and original

4   complaint.   Plaintiff's earliest service of a defendant was October 17, 2017.   This Notice of

5   Removal is being filed on November 16, 2017, which is within 30 days of October 17, 2017.   No

6   previous Notice of Removal has been filed or made with this Court for the relief sought.

7       12.   <u>Attachment of Pleadings</u>.   As required by 28 U.S.C. § 1446(a), true and correct

8   copies of all pleadings and orders filed in this case with the Superior Court for the State of

9   California, County of San Francisco are being filed concurrently with this Notice of Removal.

10  (*See*, Exs. A–F.)   A true and correct copy of the state court's docket is being filed concurrently

11  with this Notice of Removal.   (*See* Ex. G.)

12      13.   <u>Notice to State Court and Plaintiff</u>.   Pursuant to 28 U.S.C. § 1446(d), Defendants

13  will promptly serve on Plaintiff and file with the Superior Court a "Notice of Filing of Notice of

14  Removal of Civil Action to the United States District Court for the Northern District of

15  California."   Pursuant to Federal Civil Procedure Rule 5(d), Defendants will also file with this

16  Court a "Certificate of Service of Notice of Filing of Notice of Removal of Civil Action to The

17  United States District Court for the Northern District of California."   A copy of Defendants'

18  "Notice of Filing of Notice of Removal of Civil Action to the United States District Court for the

19  Northern District of California" in the form in which it will be presented to the Superior Court is

20  attached (without exhibits) to this Notice of Removal as Exhibit H.

21      14.   <u>Consent of all Defendants</u>.   All of the defendants named in Plaintiff's complaint

22  have consented to removal.[2]   *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225

23  (9th Cir. 2009) ("the filing of a notice of removal can be effective without individual consent

24  documents on behalf of each defendant.   One defendant's timely removal notice containing an

25  averment of the other defendants' consent and signed by an attorney of record is sufficient.").

26

27

28  _____

[2] Excluding Lotus Ltda., which does not exist, and the DOE Defendants who are ignored for removal purposes.

DEFENDANTS' NOTICE OF REMOVAL
137572422.2

## VI.    RESERVATION OF RIGHTS

15.    By filing this Notice of Removal, Defendants do not waive the right either to answer the Complaint and/or assert any claims, defenses or other motions, including but not limited to any motion to transfer the action and/or any Rule 12 motion permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Defendants request that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from San Francisco County Superior Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED:  November 16, 2017

PERKINS COIE LLP

By: _____
Michael B. Garfinkel, Bar No. 156010
MGarfinkel@perkinscoie.com
Amir Gamliel, Bar No. 268121
AGamliel@perkinscoie.com
Tyler D. Anthony, Bar No. 305652
TAnthony@perkinscoie.com

Attorney for Defendants, Lotus Producciones, S.A., Lotus Festival, S.A., Lotus Producciones Ltda.

-5-

137572422.2

**PROOF OF SERVICE**

I, Michelle C. Jackson, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1888 Century Park E., Suite 1700, Los Angeles, California  90067-1721.  On November 16, 2017, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Sason Parandian
909 Marina Village Parkway, #241
Alameda, CA 94501

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/ / /

-6-

1    Executed on November 16, 2017, at Los Angeles, California.

2

3                                                   MICHELLE C. JACKSON

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-